RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE._____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDRA BABCOCK,                                  )
    Plaintiff                                )
                                                 )
v.                                               )
                                                 )
UNITED STATES OF AMERICA,                        )
NORTHEASTERN UNIVERSITY,                         )
LEDGEWOOD CONSTRUCTION                           )
COMPANY, INC., AND SPLIT                         )
BOULDER CONSTRUCTION, INC.,                      )
    Defendants                               )

**04**cv**12647** EFH

C. A. NO.

MAGISTRATE JUDGE:_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties

1.     Plaintiff, Sandra Babcock, is and at all times relevant to the allegations set forth in this Complaint, has been a citizen of Massachusetts and was married to Frederick Babcock.

2.     Defendant, United States of America ("United States"), oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

3.     Defendant, Department of the Navy ("Navy"), is a department of the defendant, United States, through Marine Helicopter Squadron One, HMX-1, oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

4.     Defendant, Northeastern University, is a Massachusetts school with a principal place of business in Boston, Massachusetts.

5.     Defendant, Ledgewood Construction Company, Inc., is a Massachusetts corporation with a principal place of business in North Quincy, Massachusetts.

6.     Defendant, Split Boulder Construction, Inc., is a Massachusetts corporation with a principal place of business in Rockland, Massachusetts.

## Jurisdiction

7.     This Court has jurisdiction over the claims against the United States pursuant to 28 U.S.C. §1346(b).

8.     This Court has jurisdiction over the claims against the Navy pursuant to 28 U.S.C. §1346(b).

9.     This Court has supplemental jurisdiction over Northeastern University pursuant to 28 U.S.C. § 1367(a), as the plaintiff's claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

10.     This Court has supplemental jurisdiction over Ledgewood Construction Company, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiff's claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

11.     This Court has supplemental jurisdiction over Split Boulder Construction, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiff's claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

12.     The amount in controversy exceeds, exclusive of interest and costs, the amount of Seventy-Five Thousand Dollars ($75,000.00).

### General Factual Allegations

13.    On January 5, 2002, several Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline, Massachusetts.

14.    Coordinated by members of HMX-1, the rehearsal had been planned in preparation for President George W. Bush's January 8, 2002, arrival in the area.

15.    As part of this landing drill, members of the Brookline Fire Department, including Captain Frederick Babcock, were required as part of their official duties to be present at the field; Frederick Babcock was stationed on foot near a dugout building ("Dugout") on the field.

16.    Parsons Field, and the Dugout near which Frederick Babcock was standing, are and at all times relevant to these allegations were owned and maintained by Northeastern University, and were and are under Northeastern University's control.

17.    At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the drill approached the ground on the field. As the helicopter neared the ground, its rotor wash blew the dugout from its supports; debris fell on and seriously injured Frederick Babcock.

18.    As a result of this incident, Frederick Babcock suffered injuries including, but not limited to, a right pelvic ramus fracture with anterior column fracture of his acetabulum.

19.    As a result of her husband's injuries in this incident, Sandra Babcock has suffered the loss of her husband's care, society, comfort, companionship and consortium.

20.    A renovation project took place in or around 2001; the 2001 Parsons Field renovation work was done by Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc.

21. At the time of the incident on January 5, 2002, the Dugout had not been removed, or had been removed from its original location and repositioned on Parsons Field, and was in an unsafe condition.

22. As a result of the aforesaid incident, Frederick Babcock was caused to sustain severe and permanent personal injuries. He has suffered and will suffer great pain of body and mind, has incurred and will incur significant expense for his medical care, and has been prevented from going about his usual business.

23. Frederick Babcock made an administrative claim for relief under the Federal Tort Claims Act to Federal agencies including the Department of the Army, the Department of the Air Force, the United States Secret Service and the Department of the Navy. Frederick Babcock demanded Four Million Dollars ($4,000,000). The United States Navy was designated to investigate and decide the merits of these claims; Frederick Babcock had his claim denied.

24. Sandra Babcock made an administrative claim for relief under the Federal Tort Claims Act to Federal agencies including the Department of the Army, the Department of the Air Force, the United States Secret Service and the Department of the Navy. Sandra Babcock demanded Two Hundred Fifty Thousand Dollars ($250,000). The United States Navy was designated to investigate and decide the merits of these claims; Sandra Babcock had her claim denied.

25. Frederick Babcock, three other men injured as a result of the same incident and the wife of one of the injured men previously filed an action in this Court, presently pending as civil action number 04-CV-11413-EFH. The wife of one of the plaintiffs in the pending action asserted a derivative loss of consortium claim against the defendants, just as Sandra Babcock is

4

doing in her claim. A copy of the Amended Complaint And Demand For Jury Trial (without tab 1) in civil action no. 04-CV-11413-EFH is attached hereto and incorporated herein as Exhibit 1.

## COUNT I

### (Negligence Against the United States)

The Plaintiff repeats and realleges Paragraphs 1 through 25 of this Complaint and makes them Paragraphs 1 through 25 of this Count I as if each were repeated in whole.

26.    Sandra Babcock's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002, drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, United States of America.

## COUNT II

### (Negligence Against the Navy)

The Plaintiff repeats and realleges Paragraphs 1 through 26 of Count I and makes them Paragraphs 1 through 26 of this Count II as if each were repeated in whole.

27.    Sandra Babcock's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002, drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Department of the Navy.

### COUNT III

### (Negligence of Northeastern University)

The Plaintiff repeats and realleges Paragraphs 1 through 27 of Count II and makes them Paragraphs 1 through 27 of this Count III as if each were repeated in whole.

28.    Sandra Babcock's loss of consortium was caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Northeastern University.

### COUNT IV

### (Negligence of Ledgewood Construction Company, Inc.)

The Plaintiff repeats and realleges Paragraphs 1 through 28 of Count III and makes them Paragraphs 1 through 28 of this Count IV as if each were repeated in whole.

29.    Sandra Babcock's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT V

### (Breaches of Warranty by Ledgewood Construction Company, Inc.)

The Plaintiff repeats and realleges Paragraphs 1 through 29 of Count IV and makes them Paragraphs 1 through 29 of this Count V as if each were repeated in whole.

30.    Sandra Babcock's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT VI

### (Negligence of Split Boulder Construction, Inc.)

The Plaintiff repeats and realleges Paragraphs 1 through 30 of Count V and makes them Paragraphs 1 through 30 of this Count VI as if each were repeated in whole.

31.    Sandra Babcock's loss of consortium was caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT VII

### (Breaches of Warranty by Split Boulder Construction, Inc.)

The Plaintiff repeats and realleges Paragraphs 1 through 31 of Count VI and makes them Paragraphs 1 through 31 of this Count VII as if each were repeated in whole.

32.    Sandra Babcock's loss of consortium was caused entirely or in part by Split

Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness

with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff, Sandra Babcock, demands judgment against the Defendant,

Split Boulder Construction, Inc.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL MATTERS SO TRIABLE.**

PLAINTIFF, SANDRA BABCOCK

By her Attorney,

Jeffrey A. Gorlick
One Longfellow Place, Suite 3409
Boston, Massachusetts 02114
TEL#:  (617) 227-8383
BBO#: 203890

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERICK BABCOCK, JOSEPH CANNEY,
THOMAS GREGORIO, JOHN KELLEY and
YVONNE KELLEY,
       Plaintiffs

v.

UNITED STATES OF AMERICA,
NORTHEASTERN UNIVERSITY,
LEDGEWOOD CONSTRUCTION COMPANY, INC.,
And SPLIT BOULDER CONSTRUCTION, INC.,
       Defendants

)
)
)
)
)
)
)
)
)
)
)
)

COURTESY COPY --
DO NOT SCAN

C.A. NO. 04-CV-11413-EFH

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties

1.    Plaintiff Frederick Babcock ("Babcock") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

2.    Plaintiff Joseph Canney ("Canney") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

3.    Plaintiff Thomas Gregorio ("Gregorio") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts.

4.    Plaintiff John Kelley ("Kelley") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts and married to plaintiff Yvonne Kelley.

5.    Plaintiff Yvonne Kelley ("Mrs. Kelley") is, and at all times relevant to the allegations set forth in this Complaint has been, a citizen of Massachusetts and married to plaintiff John Kelley.

6.    Defendant United States of America ("United States") oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

7.    Defendant Department of the Navy ("Navy") is a department of the defendant United States through Marine Helicopter Squadron One, HMX-1, oversees and is responsible for operation of the helicopters used to transport the President of the United States; for training the pilots of the Presidential helicopters; for drilling landings for the Presidential helicopters; for preparing for such landing drills; for supervising such landing drills; and for control of such helicopters' operation.

8.    Defendant Northeastern University is a Massachusetts school with a principal place of business in Boston, Massachusetts.

9.    Defendant Ledgewood Construction Company, Inc. is a Massachusetts corporation with a principal place of business in North Quincy, Massachusetts.

10.    Defendant Split Boulder Construction, Inc. is a Massachusetts corporation with a principal place of business in Rockland, Massachusetts.

### Jurisdiction

11.    This Court has jurisdiction over the claims against the United States pursuant to 28 U.S.C. §1346(b).

12.    This Court has jurisdiction over the claims against the Navy pursuant to 28 U.S.C. §1346(b).

2

13.    This Court has supplemental jurisdiction over Northeastern University pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

14.    This Court has supplemental jurisdiction over Ledgewood Construction Company, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

15.    This Court has supplemental jurisdiction over Split Boulder Construction, Inc. pursuant to 28 U.S.C. § 1367(a), as the plaintiffs' claims against all defendants "are so related . . . that they form part of the same case or controversy . . . ."

16.    The amount in controversy exceeds, exclusive of interest and costs, the amount of Seventy-five Thousand Dollars ($75,000.00).

## General Factual Allegations

17.    On January 5, 2002, several Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline, Massachusetts.

18.    Coordinated by members of HMX-1, the rehearsal had been planned in preparation for President George W. Bush's January 8, 2002 arrival in the area.

19.    As part of this landing drill, members of the Brookline Fire Department, including Captain Frederick Babcock and Firefighters Joseph Canney, Thomas Gregorio and John Kelley were required as part of their official duties to be present at the field; Babcock, Canney, Gregorio and Kelley were stationed on foot near a dugout building ("Dugout") on the field.

20.    Parsons Field, and the Dugout near which Babcock, Canney, Gregorio and Kelley were standing, are and at all times relevant to these allegations were, owned and maintained by Northeastern University, and were and are under Northeastern University's control.

21.     At approximately 5:10 p.m. on January 5, 2002, one of the helicopters participating in the drill approached the ground on the field. As the helicopter neared the ground, its rotor wash blew the dugout from its supports; debris fell on and seriously injured Babcock, Canney, Gregorio and Kelley.

22.     As a result of this incident, Babcock suffered injuries including, but not limited to, a right pelvic ramus fracture with anterior column fracture of his acetabulum.

23.     As a result of this incident, Canney suffered injuries including, but not limited to, multiple trauma, including traumatic soft-tissue injury to his left thigh.

24.     As a result of this incident, Gregorio suffered injuries including, but not limited to, traumatic injury to his head and hands.

25.     As a result of this incident, Kelley suffered injuries including, but not limited to, including an avulsion fracture of cervical spine at C-1 and rupture of his right patellar tendon.

26.     As a result of her husband's injuries in this incident, Mrs. Kelley has suffered the loss of her husband's care, society, comfort, companionship and consortium.

27.     A renovation project took place in or around 2001; the 2001 Parsons Field renovation work was done by Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc.

28.     At the time of the incident on January 5, 2002, the Dugout had not been removed, or had been removed from its original location and repositioned on Parsons Field, and was in an unsafe condition.

29.     As a result of the aforesaid incident, Plaintiffs Frederick Babcock, Joseph Canney, Thomas Gregorio and John Kelley were each caused to sustain severe and permanent personal injuries. Each of them has suffered and will suffer great pain of body and mind, each has

incurred and will incur significant expense for his medical care, and each has been prevented from going about his usual business.

30.     Each of the plaintiffs made an administrative claim for relief under the Federal Tort Claims Act to Federal agencies including the Department of the Army, the Department of the Air Force, the United States Secret Service and the Department of the Navy. Frederick Babcock and John Kelley each demand Four Million Dollars ($4,000,000); Joseph Canney and Thomas Gregorio each demand Two Million Dollars ($2,000,000); and Yvonne Kelley demands One Million Dollars ($1,000,000). The United States Navy was designated to investigate and decide the merits of these claims; each plaintiff has had his or her claim denied. Copies of the Department of the Navy's March 24, 2004 denials of the claims by each of the plaintiffs are attached at Tab 1.

**COUNT I**
**(Negligence Against the United States - Babcock)**

The Plaintiffs repeat and reallege Paragraphs 1 through 30 this Complaint and make them Paragraphs 1 through 30 of this Count I as if each were repeated in whole.

31.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, United States of America.

5

## COUNT II
### (Negligence Against the Navy - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 31 of Count I and make them Paragraphs 1 through 31 of this Count II as if each were repeated in whole.

32.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Department of the Navy.

## COUNT III
### (Negligence of Northeastern University - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 32 of Count II and make them Paragraphs 1 through 32 of this Count III as if each were repeated in whole.

33.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Northeastern University.

## COUNT IV
### (Negligence of Ledgewood Construction Company, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 33 of Count III and make them Paragraphs 1 through 33 of this Count IV as if each were repeated in whole.

34.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by
Ledgewood Construction Company, Inc.'s negligence and carelessness in performing
renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant,
Ledgewood Construction Company, Inc.

## COUNT V
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 34 of Count IV and make them
Paragraphs 1 through 34 of this Count V as if each were repeated in whole.

35.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by
Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance
and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant,
Ledgewood Construction Company, Inc.

## COUNT VI
### (Negligence of Split Boulder Construction, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 35 of Count V and make them
Paragraphs 1 through 35 of this Count VI as if each were repeated in whole.

36.    Plaintiff Frederick Babcock's injuries were caused entirely or in part by Split
Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons
Field, including to the Dugout.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant,
Split Boulder Construction, Inc.

## COUNT VII
### (Breaches of Warranty by Split Boulder Construction, Inc. - Babcock)

The Plaintiffs repeat and reallege Paragraphs 1 through 36 of Count VI and make them Paragraphs 1 through 36 of this Count VII as if each were repeated in whole.

37.     Plaintiff Frederick Babcock's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Frederick Babcock demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT VIII
### (Negligence Against the United States - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 37 of Count VII and make them Paragraphs 1 through 37 of this Count VIII as if each were repeated in whole.

38.     Joseph Canney's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, United States of America.

## COUNT IX
### (Negligence Against the Navy - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 38 of Count VIII and make them Paragraphs 1 through 38 of this Count IX as if each were repeated in whole.

39.   Joseph Canney's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Department of the Navy.

## COUNT X
### (Negligence of Northeastern University - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 39 of Count IX and make them Paragraphs 1 through 39 of this Count X as if each were repeated in whole.

40.   Joseph Canney's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Northeastern University.

## COUNT XI
### (Negligence of Ledgewood Construction Company, Inc. - Canney)

The Plaintiffs repeat and reallege Paragraphs 1 through 40 of Count X and make them Paragraphs 1 through 40 of this Count XI as if each were repeated in whole.

41.   Joseph Canney's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

9

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XII
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Canney)**

The Plaintiffs repeat and reallege Paragraphs 1 through 41 of Count XI and make them Paragraphs 1 through 41 of this Count XII as if each were repeated in whole.

42.    Joseph Canney's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XIII
**(Negligence of Split Boulder Construction, Inc. - Canney)**

The Plaintiffs repeat and reallege Paragraphs 1 through 42 of Count XII and make them Paragraphs 1 through 42 of this Count XIII as if each were repeated in whole.

43.    Plaintiff Joseph Canney's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XIV
**(Breaches of Warranty by Split Boulder Construction, Inc. - Canney)**

The Plaintiffs repeat and reallege Paragraphs 1 through 43 of Count XIII and make them Paragraphs 1 through 43 of this Count XIV as if each were repeated in whole.

44.    Plaintiff Joseph Canney's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Joseph Canney demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XV
### (Negligence Against the United States - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 44 of Count XIV and make them Paragraphs 1 through 44 of this Count XV as if each were repeated in whole.

45.    Thomas Gregorio's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter; in the preparation for the drill, approach and landing; in the supervision of the helicopter's operation and of the drill, approach and landing; and in the control of the helicopter's operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, United States of America.

## COUNT XVI
### (Negligence Against the Navy - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 45 of Count XV and make them Paragraphs 1 through 45 of this Count XVI as if each were repeated in whole.

46.    Thomas Gregorio's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the

11

helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Department of the Navy.

## COUNT XVII
### (Negligence of Northeastern University - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 46 of Count XVI and make them Paragraphs 1 through 46 of this Count XVII as if each were repeated in whole.

47.     Thomas Gregorio's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Northeastern University.

## COUNT XVIII
### (Negligence of Ledgewood Construction Company, Inc. - Gregorio)

The Plaintiffs repeat and reallege Paragraphs 1 through 47 of Count XVII and make them Paragraphs 1 through 47 of this Count XVIII as if each were repeated in whole.

48.     Thomas Gregorio's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XIX
**(Breaches of Warranty by Ledgewood Construction Company, Inc. - Gregorio)**

The Plaintiffs repeat and reallege Paragraphs 1 through 48 of Count XVIII and make them Paragraphs 1 through 48 of this Count XIX as if each were repeated in whole.

49.    Thomas Gregorio's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XX
**(Negligence of Split Boulder Construction, Inc. - Gregorio)**

The Plaintiffs repeat and reallege Paragraphs 1 through 49 of Count XIX and make them Paragraphs 1 through 49 of this Count XX as if each were repeated in whole.

50.    Plaintiff Thomas Gregorio's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXI
**(Breaches of Warranty by Split Boulder Construction, Inc. - Gregorio)**

The Plaintiffs repeat and reallege Paragraphs 1 through 50 of Count XX and make them Paragraphs 1 through 50 of this Count XXI as if each were repeated in whole.

51.    Plaintiff Thomas Gregorio's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Thomas Gregorio demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXII
### (Negligence Against the United States - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 51 of Count XXI and make them Paragraphs 1 through 51 of this Count XXII as if each were repeated in whole.

52.    John Kelley's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, United States of America.

## COUNT XXIII
### (Negligence Against the Navy - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 52 of Count XXII and make them Paragraphs 1 through 52 of this Count XXIII as if each were repeated in whole.

53.    John Kelley's injuries were caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Department of the Navy.

## COUNT XXIV
### (Negligence of Northeastern University - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 53 of Count XXIII and make them Paragraphs 1 through 53 of this Count XXIV as if each were repeated in whole.

54.    John Kelley's injuries were caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Northeastern University.

## COUNT XXV
### (Negligence of Ledgewood Construction Company, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 54 of Count XXIV and make them Paragraphs 1 through 54 of this Count XXV as if each were repeated in whole.

55.    John Kelley's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXVI
### (Breaches of Warranty by Ledgewood Construction Company, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 55 of Count XXV and make them Paragraphs 1 through 55 of this Count XXVI as if each were repeated in whole.

56.    John Kelley's injuries were caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXVII
### (Negligence of Split Boulder Construction, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 56 of Count XXVI and make them Paragraphs 1 through 56 of this Count XXVII as if each were repeated in whole.

57.    Plaintiff John Kelley's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXVIII
### (Breaches of Warranty by Split Boulder Construction, Inc. - Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 57 of Count XXVII and make them Paragraphs 1 through 57 of this Count XXVIII as if each were repeated in whole.

58.    Plaintiff John Kelley's injuries were caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff John Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

16

## COUNT XXIX
### (Negligence Against the United States - Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 58 of Count XXVIII and make them Paragraphs 1 through 58 of this Count XXIX as if each were repeated in whole.

59.    Yvonne Kelley's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, United States of America.

## COUNT XXX
### (Negligence Against the Navy – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 59 of Count XXIX and make them Paragraphs 1 through 59 of this Count XXX as if each were repeated in whole.

60.    Yvonne Kelley's loss of consortium was caused entirely or in part by the negligence and carelessness of the United States in the operation of the helicopter(s) involved in the January 5, 2002 drill; in the preparation for the drill, approach and landing; in the supervision of the helicopters' operation and of the drill, approach and landing; and in the control of the helicopters' operation and of the drill, approach and landing.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Department of the Navy.

## COUNT XXXI
### (Negligence of Northeastern University – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 60 of Count XXX and make them Paragraphs 1 through 60 of this Count XXXI as if each were repeated in whole.

61.    Yvonne Kelley's loss of consortium was caused entirely or in part by Northeastern University's negligence and carelessness in failing to maintain its property, Parsons Field, in a reasonably safe condition and in failing to properly inspect, repair and reasonably warn of the dangerous conditions that existed therein.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Northeastern University.

## COUNT XXXII
### (Negligence of Ledgewood Construction Company, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 61 of Count XXXI and make them Paragraphs 1 through 61 of this Count XXXII as if each were repeated in whole.

62.    Yvonne Kelley's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXXIII
### (Breaches of Warranty by Ledgewood Construction Company, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 62 of Count XXXII and make them Paragraphs 1 through 62 of this Count XXXIII as if each were repeated in whole.

63.    Yvonne Kelley's loss of consortium was caused entirely or in part by Ledgewood Construction Company, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Ledgewood Construction Company, Inc.

## COUNT XXXIV
### (Negligence of Split Boulder Construction, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 63 of Count XXXIII and make them Paragraphs 1 through 63 of this Count XXXIV as if each were repeated in whole.

64.    Yvonne Kelley's loss of consortium was caused entirely or in part by Split Boulder Construction, Inc.'s negligence and carelessness in performing renovations to Parsons Field, including to the Dugout.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

## COUNT XXXV
### (Breaches of Warranty by Split Boulder Construction, Inc. – Mrs. Kelley)

The Plaintiffs repeat and reallege Paragraphs 1 through 64 of Count XXXIV and make them Paragraphs 1 through 64 of this Count XXXV as if each were repeated in whole.

65.    Yvonne Kelley's loss of consortium was caused entirely or in part by Split Boulder Construction, Inc.'s breaches of warranty of workmanlike performance and/or of fitness with respect to the Parsons Field renovations.

WHEREFORE, Plaintiff Yvonne Kelley demands judgment against the Defendant, Split Boulder Construction, Inc.

**EACH PLAINTIFF HEREBY DEMANDS TRIAL BY JURY
OF ALL MATTERS SO TRIABLE.**

FREDERICK BABCOCK,
JOSEPH CANNEY,
THOMAS GREGORIO,
JOHN KELLEY and YVONNE KELLEY,
By their Attorneys,


Michael E. Mone (BBO #351680)
Kathryn E. Hand (BBO #567197)
ESDAILE, BARRETT & ESDAILE
75 Federal St.
Boston, MA 02110-1904
(617) 482-0333

DATED:

### CERTIFICATE OF SERVICE

I, Kathryn E. Hand, certify that I have served a copy of the attached document by electronic mail and first-class mail on counsel for the defendants as follows:

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street
Boston, MA 02109
glucey@nkms.com

Matthew A. Connelly, Trial Attorney
Torts Branch, Civil Division
U.S. Dep't of Justice
P.O. Box 14271
Washington, DC  20044-4271
matthew.connelly@usdoj.gov

Barbara Healey Smith
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210
barbara.h.smith@usdoj.gov

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
tjhamilton@casneredwards.com
maffucci@casneredwards.com

And on Split Boulder Construction, Inc. by first-class mail, postage prepaid, on:

P. Scott Donahue, President
Split Boulder Construction, Inc.
5 Split Boulder Road
Rockland, MA  02370

Mr. Marc DeLuca
Hanover Insurance Company
35 Braintree Hill Office Park, Suite 301
Braintree, MA  02184


Kathryn E. Hand


DATED:

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Sandra Babcock

04 c 12647 EFH

**DEFENDANTS**

United States of America, Northeastern University, Ledgewood Construction Company, Inc., Split Boulder Construction, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey A. Gorlick
One Longfellow Place, Suite 3409
Boston, MA 02114

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury— Med. Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Federal Tort Claims Act, 28 USC, c. 171, §§ 2671-2680 Helicopter uprooted a baseball dugout resulting in severe personal injuries to the plaintiff's husband and her loss of consortium

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 250,000.00  CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE Edward F. Harrington    DOCKET NUMBER  04-CV-11413-EFH

DATE
SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04  12647

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)   *Sandra Babcock  v.*
   *United  States of America*

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright  cases

   X     III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   *Frederick Babcock, et. al. v. United States of America, et. al.  C.A. No. 04-CV-*
                                                                    *11413-EFH*

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                              YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                              YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                              YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                              YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? -  (SEE LOCAL RULE 40.1(D)).
                                                             (YES)        NO

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         (EASTERN DIVISION)              CENTRAL DIVISION            WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
         GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION                CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    *Jeffrey A. Gorlick*
ADDRESS    *One Longfellow Place, suite 3409, Boston, MA 02114*
TELEPHONE NO.    *617-227-8383*

(Cover sheet local.wpd  - 11/27/00)