UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 11  P 1: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| SANDRA BABCOCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>NORTHEASTERN UNIVERSITY )<br>LEDGEWOOD CONSTRUCTION )<br>COMPANY, INC., AND SPLIT BOULDER )<br>CONSTRUCTION, INC. )<br>)<br>Defendants. )<br>) | C.A. No. 04-CV-12647-EFH |

### ANSWER, CROSSCLAIMS OF NORTHEASTERN UNIVERSITY AND DEMAND FOR TRIAL BY JURY

Defendant Northeastern University ("the University") hereby answers the plaintiff's Complaint, and asserts crossclaims against the codefendants as follows:

### Parties

1.  The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and calls upon plaintiff to prove the same.

2.  The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and calls upon plaintiff to prove the same.

3.  The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and calls upon plaintiff to prove the same.

4.  The allegations set forth in paragraph 4 are admitted. By way of further answer the University admits that it is a private institution of higher learning, established and existing

under the laws of the Commonwealth of Massachusetts, and that it is a not-for-profit charitable corporation with a principal place of business at 360 Huntington Avenue, Boston, Massachusetts.

5. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and calls upon plaintiff to prove the same.

6. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and calls upon plaintiff to prove the same.

## Jurisdiction

7. The allegations set forth in paragraph 7 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

8. The allegations set forth in paragraph 8 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

9. The allegations set forth in paragraph 9 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

10. The allegations set forth in paragraph 10 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

11. The allegations set forth in paragraph 11 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

12. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and calls upon plaintiff to prove the same. To the extent paragraph 16 sets forth conclusions of law as opposed to factual allegations, such conclusions of law can be neither admitted nor denied.

## Allegations

13. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, except it is admitted that on January 5,

2002 Presidential helicopters were scheduled to perform a rehearsal landing at Parsons Field, Brookline, Massachusetts, and that Parsons Field was owned by the University.

14. The allegations set forth in paragraph 14 are admitted.

15. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and calls upon plaintiff to prove the same.

16. The allegations set forth in paragraph 16 are admitted, except it is denied that at all times relevant to the allegations set forth in plaintiff's Complaint Parsons Field and the dugout in question were under the control of the University.

17. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, except it is admitted that at approximately 5:10 p.m. on January 5, 2002 one of the helicopters participating in the drill approached the surface of the field.

18. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, except it is admitted that as a result of the accident Frederick Babcock suffered physical injury(ies).

19. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and calls upon plaintiff to prove the same.

20. The allegations set forth in paragraph 20 are admitted. By way of further answer, others were also involved in the renovation project.

21. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21, except it is admitted that by January 5, 2002 the dugout involved in plaintiff's accident had been moved from its original location on Parsons Field to a different location.

22. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and calls upon plaintiff to prove the same.

23. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and calls upon plaintiff to prove the same.

24. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and calls upon plaintiff to prove the same.

25. The University admits that Frederick Babcock and four (4) other individuals have filed an action in the United States District Court for the District of Massachusetts as a result of the accident which occurred on January 5, 2002, that that action is presently pending as Civil Action Number 04-CV-11413-EFH, and that the Amended Complaint And Demand For Jury Trial, a copy of which (without tabs) is attached to plaintiff's Complaint as Exhibit 1, speaks for itself. To the extent paragraph 25 sets forth conclusions of law rather than factual assertions, such conclusions of law can be neither admitted nor denied.

## COUNT I
### (Negligence Against the United States)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 25 inclusive in the within Answer.

26. In that the allegations set forth in Count I, paragraph 26 are directed to a different defendant, no answer is required from the University. To the extent paragraph 26 sets forth allegations against the University, those allegations are denied.

## COUNT II
### (Negligence Against the Navy)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 26 inclusive in the within Answer.

27.     In that the allegations set forth in Count II, paragraph 27 are directed to a different defendant, no answer is required from the University. To the extent paragraph 27 sets forth allegations against the University, those allegations are denied.

## COUNT III
### (Negligence Against Northeastern University)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 27 inclusive in the within Answer.

28.     The allegations set forth in Count III, paragraph 28 are denied.

WHEREFORE in view of the foregoing, Northeastern University demands that plaintiff's Complaint be dismissed, that plaintiff take nothing and that judgment enter in favor of Northeastern University for costs, expenses and attorneys' fees and for such other and further relief as this Court deems just.

## COUNT IV
### (Negligence Against Ledgewood Construction Company, Inc.)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 28 inclusive in the within Answer.

29.     In that the allegations set forth in Count IV, paragraph 29 are directed to a different defendant, no answer is required from the University. To the extent paragraph 29 sets forth allegations against the University, those allegations are denied.

## COUNT V
### (Breaches of Warranty by Ledgewood Construction Company, Inc.)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 29 inclusive as set forth in the within Answer.

30. In that the allegations set forth in Count V, paragraph 30 are directed to a different defendant, no answer is required from the University. To the extent paragraph 30 sets forth allegations against the University, those allegations are denied.

## COUNT VI
### (Negligence Against Split Boulder Construction, Inc.)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 30 inclusive in the within Answer.

31. In that the allegations set forth in Count VI, paragraph 31 are directed to a different defendant, no answer is required from the University. To the extent paragraph 31 sets forth allegations against the University, those allegations are denied.

## COUNT VII
### (Breaches of Warranty by Split Boulder Construction, Inc.)

The University repeats, realleges and incorporates herein its answers as set forth in paragraphs 1 through 31 inclusive in the within Answer.

32. In that the allegations set forth in Count VII, paragraph 32 are directed to a different defendant, no answer is required from the University. To the extent paragraph 32 sets forth allegations against the University, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the plaintiff.

### SECOND AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the failure of the plaintiff to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of the plaintiff is greater than the negligence, if any, of the University.

### FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the University.

### SIXTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the University is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

A necessary party under Rule 19 has been failed to be joined.

### NINTH AFFIRMATIVE DEFENSE

The acts or omissions alleged by the plaintiff were done with the actual or implied consent of the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

The University is a charitable corporation and any recovery by plaintiff is limited by the provisions of M.G.L. c.231, § 85K.

## ELEVENTH AFFIRMATIVE DEFENSE

The University hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

## DEMAND FOR JURY TRIAL

Defendant Northeastern University hereby demands a trial by jury on all issues and claims so triable.

## AND BY WAY OF FURTHER ANSWER, NORTHEASTERN UNIVERSITY ASSERTS CROSSCLAIMS AS FOLLOWS:

## PARTIES

1. Defendant/crossclaim plaintiff Northeastern University (the "University") is a not-for-profit charitable corporation, and is a private institution of higher learning established and existing under the laws of the Commonwealth of Massachusetts.

2. Upon information and belief, the defendant/crossclaim defendant United States of America ("United States") oversees and is responsible for the operation and maintenance of the helicopters used to transport the President of the United States, for training and supervising the pilots on the Presidential helicopters, as well as for the preparation for and completion of drill landings of such helicopters.

3. Upon information and belief, the defendant/crossclaim defendant Department of the Navy ("Navy"), is a department of the United States through Marine Helicopter Squadron One, HMX-1, which oversees and is responsible for the operation of helicopters used to transport the President of the United States, for training and supervising the pilots on the Presidential

helicopters, for drilling landings for the Presidential helicopters, for preparing for such landing drills, for supervising such landing drills, and for control of such helicopters' operation.

4.   Upon information and belief, the defendant/crossclaim defendant Ledgewood Construction Company, Inc. ("Ledgewood Construction") is a Massachusetts corporation with a principal place of business in North Quincy Massachusetts.

5.   Upon information and belief, the defendant/crossclaim defendant Split Boulder Construction, Inc. ("Split Boulder") is a Massachusetts corporation with a principal place of business in Rockland, Massachusetts.

6.   Upon information and belief, Frederick Babcock ("Babcock") is, and at all times relevant to the allegations set forth in plaintiff's complaint was, a citizen of Massachusetts and was employed by the Town of Brookline as a firefighter.

7.   Upon information and belief, plaintiff Sandra Babcock ("Mrs. Babcock") is, and at all times relevant to the allegations set forth in plaintiff's complaint has been, a citizen of Massachusetts and was for some period married of time to Frederick Babcock.

## JURISDICTION

8.   This Court has original jurisdiction over the crossclaims against the United States pursuant to 28 U.S.C. § 1346(b).

9.   This Court has original jurisdiction over the crossclaims against the Navy pursuant to 28 U.S.C. § 1346(b).

10.   This Court has supplemental jurisdiction over the crossclaims against Ledgewood Construction pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Department of the Navy and the crossclaims against the defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

9

11. This Court has supplemental jurisdiction over the crossclaims against Split Boulder pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Navy and cross claims against the defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

## ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff has filed and served a Complaint as the result of an accident which occurred on January 5, 2002.

13. In her Complaint plaintiff alleges that her former husband Frederick Babcock suffered serious personal injuries and other damages when a Presidential helicopter was in the process of performing a test landing at Parsons Field in Brookline, Massachusetts, and rotor wash from the helicopter caused the baseball dugout between home plate and first base to separate from its supports and fall over onto the plaintiff. Plaintiff further alleges that as a result of the aforesaid accident she suffered the loss of Frederick Babcock's care, society, comfort, companionship and consortium.

14. The test landing mission was in anticipation of a visit to Massachusetts by President George W. Bush on January 8, 2002 in connection with federal education reform legislation entitled "The No Child Left Behind Act of 2001."

15. The United States, through the Department of the Navy, oversees, controls, and is responsible for the operation of the helicopters used to transport the President.

16. As part of their responsibility in overseeing the operation of the Presidential helicopters, the Navy is also responsible for drill landings of the Presidential helicopters, including preparing sites for the landing drills, supervising the landing drills, and controlling the helicopters' operations during the landing drills.

17.  The drill landings of the Presidential helicopters at Parsons Field were planned, prepared, and controlled by members of the United States Navy and performed by pilots trained by the Navy.

18.  At all times material, Parsons Field was owned by Northeastern University.

19.  In 2001, Parsons Field underwent extensive renovations. Work in connection with those renovations, including the relocation of the dugouts, was performed by Ledgewood Construction, Split Boulder and others.

## COUNT I

### (Indemnification Against The United States)

20.  Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 19 inclusive.

21.  The injuries and damages allegedly suffered by the plaintiff were caused by the negligence of the defendant/crossclaim defendant United States in the preparation for the drill, approach and landing; in the supervision of the helicopter's operation and of the drill, approach and landing; and in the control of the helicopter's operation and of the drill, approach and landing.

22.  The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence on the part of the United States. As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant United States for any judgment entered against Northeastern University in favor of the plaintiff, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant United States of America

in the amount of any judgment entered against Northeastern University in favor of plaintiff, together with interest, costs and attorneys' fees.

## COUNT II

### (Contribution Against The United States)

23. Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 19 inclusive.

24. If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant United States is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant United States of America for the latter's pro rata share of the entire liability, if any, to the plaintiff, together with interest, costs and attorneys' fees.

## COUNT III

### (Indemnification Against Ledgewood Construction)

25. Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 19 inclusive.

26. The injuries and damages allegedly suffered by the plaintiff were caused by the negligence and breaches of warranty of the defendant/crossclaim defendant Ledgewood Construction in performing renovations to Parsons Field and to the dugout in question.

27. The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of Ledgewood Construction. As a result, defendant/crossclaim plaintiff

Northeastern University is entitled to be indemnified by defendant/crossclaim defendant Ledgewood Construction for any judgment entered against Northeastern University in favor of the plaintiff, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Ledgewood Construction Company, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiff, together with interest, costs and attorneys' fees.

## COUNT IV

### (Contribution Against Ledgewood Construction)

28. Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 19 inclusive.

29. If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant Ledgewood Construction is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provision of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Ledgewood Construction Company, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiff, together with interest, costs and attorneys' fees.

## COUNT V

### (Indemnification Against Split Boulder)

30. Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 19 inclusive.

31. The injuries and damages allegedly suffered by the plaintiff were caused by the negligence and breaches of warranty of the defendant/crossclaim defendant Split Boulder in performing renovations to Parsons Field and to the dugout in question.

32. The defendant/crossclaim plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of Split Boulder. As a result, defendant/crossclaim plaintiff Northeastern University is entitled to be indemnified by defendant/crossclaim defendant Split Boulder for any judgment entered against Northeastern University in favor of the plaintiff, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Split Boulder Construction, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiff, together with interest, costs and attorneys' fees.

## COUNT VI

### (Contribution Against Split Boulder)

33. Defendant/crossclaim plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 19 inclusive.

34. If defendant/crossclaim plaintiff Northeastern University is found to be negligent, which it denies, then defendant/crossclaim defendant Split Boulder is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provision of Massachusetts General Laws, Chapter 231B.

WHEREFORE, in view of the foregoing, defendant/crossclaim plaintiff Northeastern University demands judgment against defendant/crossclaim defendant Split Boulder

Construction, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiff, together with interest, costs and attorneys' fees.

### DEMAND FOR JURY TRIAL

Northeastern University hereby demands a trial by jury on all issues and claims so triable.

Respectfully Submitted,

NORTHEASTERN UNIVERSITY

By its Attorney,

Dated: February 11, 2005

_____
Gerald F. Lucey, BBO#306860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA 02109
(617) 778-7500
fax (617) 778-7501

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, do hereby certify that on this date I served the foregoing "ANSWER, CROSSCLAIMS OF NORTHEASTERN UNIVERSITY AND DEMAND FOR TRIAL BY JURY" upon all parties of record to this action by mailing same first-class, postage prepaid to each of the following:

Jeffrey A. Gorlick, Esq.
One Longfellow Place, Suite 3409
Boston, MA  02114

Matthew A. Connelly, Esq.
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271

Barbara Healey Smith, Esq.
Assistant U.S. Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Terrance J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards
303 Congress Street
Boston, MA  02210

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360
Counsel to Defendant Split Boulder
Construction, Inc.

Dated: February _11_, 2005

_____
Gerald F. Lucey