UNITED STATES DISTRICT COURT    FILED OFFICE
DISTRICT OF MASSACHUSETTS IN CLERKS OFFICE

2005 FEB 11  P 1:52

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SANDRA BABCOCK )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br>NORTHEASTERN UNIVERSITY )<br>SASAKI ASSOCIATES, INC., LEDGEWOOD )<br>CONSTRUCTION COMPANY, INC., and )<br>SPLIT BOULDER CONSTRUCTION, INC. )<br><br>Defendants. )<br>_____ )<br>)<br>NORTHEASTERN UNIVERSITY, )<br><br>Defendant, Third-Party Plaintiff, )<br><br>v. )<br><br>PEDA, Inc. )<br><br>Third-Party Defendant. )<br>_____ ) | C.A. No. 04-CV-12647-EFH |

## THIRD PARTY COMPLAINT OF NORTHEASTERN UNIVERSITY AND DEMAND FOR TRIAL BY JURY

Defendant, Northeastern University ("the University") hereby asserts the following

Third-Party Complaint against PEDA, Inc.:

### PARTIES

1.    The defendant/third-party plaintiff, Northeastern University, is a not-for-profit

charitable corporation, and is a private institution of higher learning established and existing

under the laws of the Commonwealth of Massachusetts.

2.     Upon information and belief, the third-party defendant, PEDA, Inc., is a Massachusetts corporation with a usual place of business at 549 Columbian Street, South Weymouth, Massachusetts 02190, and is engaged in the business of providing consulting engineering and construction management services.

## JURISDICTION

3.     This Court has original jurisdiction over the various claims against the United States of America (the "United States") pursuant to 28 U.S.C. § 1346(b).

4.     This Court has original jurisdiction over the various claims against the Department of the Navy (the "Navy") pursuant to 28 U.S.C. § 1346(b).

5.     This Court has supplemental jurisdiction over the various crossclaims in this matter pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Navy and the various crossclaims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6.     This Court has supplemental jurisdiction over the within third-party claims against third-party defendant PEDA, Inc. pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the claims against the United States and the Navy and the third-party claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

2

## ALLEGATIONS

7.    Plaintiff filed and served a Complaint as the result of an accident which occurred on January 5, 2002. A copy of that Complaint docketed December 17, 2004 has been attached hereto, made a part hereof and marked "A."

8.    In her Complaint plaintiff alleges that Frederick Babcock, her former husband, suffered serious personal injuries and other damages when a Presidential helicopter was in the process of performing a test landing at Parsons Field in Brookline, Massachusetts, and rotor wash from the helicopter caused the baseball dugout between home plate and first base to separate from its supports and debris to fall over onto him. Plaintiff further alleges that as a result of the injuries to Frederick Babcock, she has suffered the loss of his care, society, comfort, companionship and consortium.

9.    The test landing missing was in anticipation of a visit to Massachusetts by President George W. Bush on January 8, 2002 in connection with federal education reform legislation entitled "The No Child Left Behind Act of 2001."

10.    At all times material, Parsons Field was owned by Northeastern University.

11.    In 2001 Parsons Field underwent extensive renovations. In and around May 2001 PEDA, Inc. agreed to perform construction management and engineering services in connection with the renovation project, which included relocation of the dugout in question.

## COUNT I
### (Indemnification against PEDA, Inc.)

12.    Defendant/third-party plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraph 1 through 11 inclusive.

3

13.     The injuries and damages allegedly suffered by the plaintiff were caused by the negligence and breaches of warranty of the third-party defendant PEDA, Inc. in furnishing and performing construction management and engineering services in connection with the renovations to Parsons Field and to the dugout in question.

14.     The defendant/third-party plaintiff Northeastern University was not negligent and has been exposed to derivative and vicarious liability as a result of negligence and breaches of warranty on the part of third-party defendant PEDA, Inc. As a result, defendant/third-party plaintiff Northeastern University is entitled to be indemnified by third-party defendant PEDA, Inc. for any judgment entered against Northeastern University in favor of the plaintiff, together with interest, costs and attorneys' fees.

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern University demands judgment against third-party defendant PEDA, Inc. in the amount of any judgment entered against Northeastern University in favor of plaintiff, together with interest, costs and attorneys' fees.

**COUNT II**
**(Contribution against PEDA, Inc.)**

15.     Defendant/third-party plaintiff Northeastern University repeats, realleges and incorporates herein by reference the allegations set forth in paragraph 1 through 14 inclusive.

16.     If defendant/third-party plaintiff Northeastern University is found to be negligent, which it denies, then third-party defendant PEDA, Inc. is a joint tortfeasor and, as such, is responsible for its pro rata share of the liability pursuant to the provisions of Massachusetts General Laws, Chapter 231B.

4

WHEREFORE, in view of the foregoing, defendant/third-party plaintiff Northeastern University demands judgment against third-party defendant PEDA, Inc. for the latter's pro rata share of the entire liability, if any, to the plaintiff, together with interest, costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

Northeastern University hereby demands a trial by jury on all issues and claims so triable.

Respectfully Submitted,

NORTHEASTERN UNIVERSITY

By its Attorney,

Dated: February //, 2005

Gerald F. Lucey, BBO#306860
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA  02109
Tel.: (617) 778-7500
Fax: (617) 778-7501

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CLERK'S NOTICE


This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.