UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA BABCOCK | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 04-CV-12647-EFH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| NORTHEASTERN UNIVERSITY, | ) |
| SASAKI ASSOCIATES, INC., LEDGEWOOD | ) |
| CONSTRUCTION COMPANY, INC., and | ) |
| SPLIT BOULDER CONSTRUCTION, INC. | ) |
| | ) |
|        Defendants. | ) |
| | ) |
| NORTHEASTERN UNIVERSITY, | ) |
| | ) |
|        Defendant, Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PEDA, Inc. | ) |
| | ) |
|        Third-Party Defendant. | ) |

**THIRD-PARTY DEFENDANT PEDA, INC'S ANSWER TO THIRD-PARTY PLAINITIFF NORTHEASTERN'S COMPLAINT**

Third-Party Defendant PEDA, Inc. ("PEDA") answers the complaint of Third-Party Plaintiff Northeastern University ("Northeastern") as follows:

1. Admitted.

2. Admitted.

3. This paragraph calls for a legal conclusion and thus no response is required.

4. This paragraph calls for a legal conclusion and thus no response is required.

5. This paragraph calls for a legal conclusion and thus no response is required.

6. This paragraph calls for a legal conclusion and thus no response is required.

7. Admitted that plaintiff filed and served a complaint. That complaint speaks for itself and any allegations inconsistent with that complaint or that go beyond the allegations contained in it are denied.

8. The complaint speaks for itself and any allegations inconsistent with that complaint or that go beyond the allegations contained in it are denied.

9. PEDA is without sufficient information or belief to either admit or deny the allegations of this paragraph.

10. Admitted.

11. The contract documents between Northeastern and PEDA speak for themselves and PEDA denies any allegations in this paragraph inconsistent with those documents.

## COUNT I
**(Indemnification)**

12. PEDA repeats and incorporates by reference its responses to paragraphs 1-11 above.

13. Denied.

14. Denied.

## COUNT II
## (Contribution)

15. PEDA repeats and incorporates by reference its responses to paragraphs 1-14 above.

16. Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims fail to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred by the statute of limitations and / or statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred or Northeastern's damages must be reduced by the doctrine of contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The clams are barred because the alleged losses were caused by Northeastern's own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged losses were caused by the conduct of persons or entities over whom PEDA had no control or responsibility.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged losses were caused by the intervening and/or superceding acts of third persons for whom PEDA was not responsible.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred because the alleged conduct of PEDA was not the legal or proximate cause of the alleged losses.

## JURY DEMAND

**PEDA Demands Trial by Jury on All Claims so Triable.**

        Respectfully Submitted,
        PEDA, Inc.

        By its Attorneys,

Dated: March 28, 2005        s/ Brian C. Newberry
        David J. Hatem, Esq., PC, BBO # 225700
        Warren D. Hutchison BBO # 246150
        Brian C. Newberry BBO # 635498
        DONOVAN HATEM LLP
        Two Seaport Lane
        Boston, MA 02210
        (617) 405-4500 – tel.
        (617) 406-4501 – fax

## **CERTIFICATE OF SERVICE**

      I, Brian C. Newberry certify that on this 28th day of March, 2005, I served the foregoing by mailing a copy first class, postage prepaid, to:

Jeffrey A. Gorlick
One Longfellow Place
Suite 3409
Boston, MA 02114

Gerald F. Lucey
Nelson, Kinder, Mosseau & Saturley, P.C.
5th Floor
45 Milk Street
Boston, MA 02109

Jon S. Hartmere
Law Office of Jacqueline Allen
Suite 601
262 Washington Street
Boston, MA 02108

Terrance J. Hamilton
Christopher P. Maffucci
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

Matthew A. Connelly
US Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC 20044

Barbara Healy Smith
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210

John Bruno
Masi & Bruno
124 Long Pond Road
Plymouth, MA 02360

                                                                        s/ Brian C. Newberry

00903367/2500.2021