UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA BABCOCK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:04-CV-12647 EFH |
| | ) |
| UNITED STATES OF AMERICA, et al | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES OF AMERICA'S ANSWER
TO NORTHEASTERN UNIVERSITY'S CROSS-CLAIMS**

For its Answer, the United States of America responds to the allegations contained in defendant Northeastern University's Cross-Claim in similarily numbered paragraphs as follows:

1. The allegations contained in paragraph 1 are denied for lack of knowledge and information.

2. To the extent that paragraph 2 alleges that the United States is responsible for supervising and/or controlling the activities of individuals not employed by the federal government, the allegations of paragraph 2 are denied. The remaining allegations in paragraph 2 are admitted.

3. To the extent that paragraph 3 alleges that the United States Navy is responsible for supervising and/or controlling the activities of individuals not

employed by the federal government, the allegations of paragraph 3 are denied. The remaining allegations in paragraph 3 are admitted.

 4-7. The allegations contained in paragraphs 4 through 7 are denied for lack of knowledge and information.

 8. Paragraph 8 contains a conclusion of law to which no response is required. To the extent that paragraph 8 is deemed to contain allegations of fact, such allegations are denied.

 9. Paragraph 9 contains a conclusion of law to which no response is required. However, the United States notes that Cross-Claimant's conclusion is incorrect. This Court has no jurisdiction over the claims against the United States Navy. The only proper defendant in an action brought pursuant to 28 U.S.C. § 1346(b) is the United States. To the extent that paragraph 9 is deemed to contain allegations of fact, such allegations are denied.

 10-11. Paragraphs 10 and 11 contain conclusions of law to which no response is required. To the extent that paragraphs 10 and 11 are deemed to contain allegations of fact, such allegations are denied for lack of knowledge and information.

 12. Admitted

 13. The United States admits only that paragraph 13 of the Cross-Claim correctly summarizes some of the allegations contained in the Plaintiff's

Complaint. The United States denies those allegations for lack of knowledge and information.

14. Admitted.

15. To the extent that paragraph 15 alleges that the United States, or any of its employees, is responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 15 are denied. The remaining allegations in paragraph 15 are admitted.

16. To the extent that paragraph 16 alleges that the United States, or any of its employees, is responsible for supervising the activities of individuals not employed by the federal government, the allegations of paragraph 16 are denied. The remaining allegations in paragraph 16 are admitted.

17. Denied. Various aspects of the January 5, 2002 rehearsal landing at Parsons Field were planned and carried out by employees of several agencies within the executive branch of the United States government. Pilots from both the Marine Corps and the Army National Guard flew the military helicopters that took part in this rehearsal.

18-19. The allegations contained in paragraphs 18 and 19 are denied for lack of knowledge and information.

## COUNT I

20. The United States repeats and incorporates its responses to paragraphs 1 through 19 of this Cross-Claim as if each response were set forth in whole.

21. Denied.

22. Denied.

WHEREFORE, defendant/cross-claimant Northeastern University is not entitled to a judgment against the United States.

## COUNT II

23. The United States repeats and incorporates its responses to paragraphs 1 through 19 of this Cross-Claim as if each response were set forth in whole.

24. Denied.

WHEREFORE, defendant/cross-claimant Northeastern University is not entitled to a judgment against the United States.

## COUNT III

25. The United States repeats and incorporates its responses to paragraphs 1 through 19 of this Cross-Claim as if each response were set forth in whole.

26-27. Paragraphs 26 and 27 contain factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraphs 26 and 27 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT IV

28. The United States repeats and incorporates its responses to paragraphs 1 through 19 of this Cross-Claim as if each response were set forth in whole.

29. Paragraph 29 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 29 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT V

30. The United States repeats and incorporates its responses to paragraphs 1 through 19 of this Cross-Claim as if each response were set forth in whole.

31-32. Paragraphs 31 and 32 contain factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraphs 31 and 32 are directed against United States, those allegations are denied for lack of knowledge and information.

## COUNT VI

33.     The United States repeats and incorporates its responses to paragraphs 1 through 19 of this Cross-Claim as if each response were set forth in whole.

34.     Paragraph 34 contains factual allegations which are directed at a defendant other than the United States. To the extent that any factual allegations in paragraph 34 are directed against United States, those allegations are denied for lack of knowledge and information.

35.     Any allegations not specifically addressed are denied.

## **AFFIRMATIVE DEFENSES**

1.     The Cross-Claim fails to state a claim upon which relief can be granted.

2.     The Court lacks subject matter jurisdiction over any cross-claims brought against the United States Navy.

3.     The Cross-Claimant is not entitled to contribution or indemnification because the Plaintiff's injuries were caused by the negligent conduct of persons or entities other than the United States who failed to secure the first base dugout properly to its foundation.

4.      The intentional, willful, wanton, reckless, careless, grossly negligent, and/or negligent conduct of others over whom the United States had no control was an intervening and superseding cause of the Plaintiff's injuries.

5.      The Plaintiff's injuries are the result, in whole or in part, of the Plaintiff's former husband's contributory negligence and such negligence bars and/or diminishes Cross-Claimant's recovery against the United States.

6.      Any recovery by Cross-Claimant for injuries suffered by the Plaintiff may not exceed the amount of compensation claimed on the Plaintiff's administrative claim form.

7.      The United States asserts any and all other affirmative defenses to which it may be entitled and/or which discovery may reveal.

WHEREFORE, the United States demands that the Cross-Claims of defendant Northeastern University be dismissed with costs, and seeks such other relief as this Court may deem proper

Dated:  April 12, 2005

>                        Respectfully submitted,
>
>                        PETER D. KEISLER
>                        Assistant Attorney General
>
>                        MICHAEL J. SULLIVAN
>                        United States Attorney

7

BARBARA HEALY SMITH
Assistant United States Attorney

 /s/ Matthew A. Connelly
MATTHEW A. CONNELLY, Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271
(202) 616-4040
(202) 616-4159 (fax)

Attorneys for the
United States of America

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the United States of America's Answer to Northeastern University's Cross-Claims were sent via first class mail, postage pre-paid, this 12th day of April, 2005, addressed to the following counsel of record:

Terrence J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360

Jeffrey A. Gorlick, Esq.
Law Offices of Jeffrey A. Gorlick
One Longfellow Place, Suite 3409
Boston, MA 02114

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street, 5th Floor
Boston, MA  02109

David J. Hatem, Esq.
Warren D. Hutchinson, Esq.
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

 /s/ Matthew A. Connelly
MATTHEW A. CONNELLY

8