UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA BABCOCK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:04-CV-12647 EFH |
| | ) |
| UNITED STATES OF AMERICA, et al | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES OF AMERICA'S RENEWED MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States, as a sovereign "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain suit." <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980). The law clearly defines the time period for filing a claim under the Federal Tort Claims Act (FTCA).

> A tort claim against the United States shall be **forever barred** unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues **or** unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).

A failure by the Plaintiff to comply with either requirement of § 2401(b) deprives the Court of jurisdiction and requires the immediate dismissal of the case. Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) ("the filing of a timely administrative claim is a jurisdictional requirement"); Roman v. Townsend, 224 F.3d 24, 28 (1st Cir. 2000) ("the requirement that a plaintiff sue the United States within the period of limitations in an action brought under the FTCA is jurisdictional in nature").

The Plaintiff is seeking compensation for loss of consortium arising from an injury to her now former husband that occurred on January 5, 2002. The Plaintiff timely filed her administrative claim on January 5, 2004. (See Declaration of Kyle A. Guess, ¶ 3, Motion Exhibit 1.) The United States Navy denied the Plaintiff's administrative claim in a letter dated March 24, 2004. (Id. at ¶ 3.) The denial letter was mailed, by certified mail, to the offices of the Plaintiff's attorney, Jeffrey Gorlick, Esq. on April 1, 2004. (Id. at ¶ 4.) The denial letter was received and signed for on April 3, 2004. (Id. at ¶ 5.) Based on the mailing date of April 1, 2004, the Plaintiff had until October 1, 2004, to file her original Complaint and begin her action against the United States. The original Complaint in this action was not filed until December 17, 2004, more than two months after the deadline. (Docket Entry No. 1.) Therefore, this Court lacks jurisdiction over the Plaintiff's claims against the United States. Roman, 224 F.3d at 28.

This Court also lacks jurisdiction of the Plaintiff's claims against the United States Navy. The FTCA provides the exclusive remedy for tort suits arising from the acts or omissions of federal employees committed during the course and scope of their employment. 28 U.S.C. § 2679(a). Courts lack subject matter jurisdiction over suits brought against federal agencies for acts covered by the FTCA. Quinones v. Department of Health and Human Services, 322 F. Supp. 2d 147, 151 (D.P.R. 2004).

## CONCLUSION

The Plaintiff's failure to file her original Complaint on time deprives this Court of jurisdiction over the United States. Therefore, the Plaintiff's claims against the United States must be dismissed. This Court has no jurisdiction over tort claims brought against federal agencies. Therefore, the Plaintiff's claims against the United States Navy must be dismissed as well.

Dated: May 24, 2005

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        MICHAEL J. SULLIVAN
        United States Attorney

        BARBARA HEALY SMITH
        Assistant United States Attorney

      /s/ Matthew A. Connelly
MATTHEW A. CONNELLY, Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271
(202) 616-4040
(202) 616-4159 (fax)

Attorneys for the
United States of America

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that copies of the Memorandum of Law in Support of United States of America's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction were mailed, postage pre-paid, this 24th day of May, 2005, addressed to the following counsel of record:

Michael E. Mone, Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA  02110

John H. Bruno, Esq.
Masi & Bruno
124 Long Pond Road, Unit 11
Plymouth, MA  02360

Joslin Murphy
Associate Town Counsel
333 Washington Street
Brookline, MA 02445-6863

Gerald F. Lucey, Esq.
Nelson, Kinder, Mosseau & Saturley, PC
45 Milk Street, 5th Floor
Boston, MA  02109

David J. Hatem, Esq.
Warren D. Hutchinson, Esq.
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Terrence J. Hamilton, Esq.
Christopher Maffucci, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

Jeffrey A. Gorlick, Esq.
Law Offices of Jeffrey A. Gorlick
One Longfellow Place, Suite 3409
Boston, MA 02114

  /s/ Matthew A. Connelly
MATTHEW A. CONNELLY