UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA BABCOCK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>NORTHEASTERN UNIVERSITY, )<br>SASAKI ASSOCIATES, INC., LEDGEWOOD )<br>CONSTRUCTION COMPANY, INC., and )<br>SPLIT BOULDER CONSTRUCTION, INC. )<br>)<br>Defendants. )<br>_____)<br>)<br>NORTHEASTERN UNIVERSITY, )<br>)<br>Defendant, Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>PEDA, Inc. )<br>)<br>Third-Party Defendant. )<br>_____) | C.A. No. 04-CV-12647-EFH |

### DEFENDANT PEDA, INC'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant PEDA, Inc. ("PEDA") answers the Amended Complaint of Plaintiff Sandra Babcock as follows:

1. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Admitted.

5. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Admitted assuming that plaintiff's reference to "PDA" is a typographical error and plaintiff intended to say "PEDA".

8. This paragraph calls for a legal conclusion and thus no response is required.

9. This paragraph calls for a legal conclusion and thus no response is required.

10. This paragraph calls for a legal conclusion and thus no response is required.

11. This paragraph calls for a legal conclusion and thus no response is required.

12. This paragraph calls for a legal conclusion and thus no response is required.

13. This paragraph calls for a legal conclusion and thus no response is required.

14. This paragraph calls for a legal conclusion and thus no response is required.

15. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. PEDA admits that a renovation project took place in or around Parsons Field in 2001. PEDA admits that it provided certain services to Northeastern University in connection with this project. PEDA also admits that the renovation work was performed by, among others, Ledgewood Construction Company, Inc. and Split Boulder Construction, Inc.

23. This paragraph does not make logical sense and PEDA cannot respond. Further, PEDA is without knowledge or information sufficient to form a belief as to whether the dugout was in an unsafe condition but affirmatively avers that if it were in an unsafe condition that PEDA bore no responsibility for this condition.

24. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. PEDA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. PEDA admits that Frederick Babcock and three other men who were allegedly injured as a result of the incident described in this amended complaint previously filed an action in this Court. PEDA further admits that the wife of one of the plaintiffs in that action asserted a loss of consortium claim against the defendants. The Amended Complaint in that action speaks for itself and PEDA denies any allegations inconsistent with that Complaint or that go beyond the allegations contained in it.

## COUNT I

### (Negligence Against the United States)

PEDA repeats and incorporates by reference its responses to Paragraphs 1 to 27 above.

28. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT II

### (Negligence Against the Navy)

PEDA repeats and incorporates by reference its responses to Paragraphs 1-28 above.

29. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT III

### (Negligence of Northeastern University)

PEDA repeats and incorporates by reference its responses to Paragraphs 1-29 above.

30. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT IV

### (Negligence of Ledgewood Construction Company, Inc.)

PEDA repeats and incorporates by reference its responses to Paragraphs 1-30 above.

31. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT V

### (Breaches of Warranty by Ledgewood Construction Company, Inc.)

PEDA repeats and incorporates by reference its responses to Paragraphs 1-31 above.

32. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VI

### (Negligence of Split Boulder Construction, Inc.)

PEDA repeats and incorporates by reference its responses to Paragraphs 1-32 above.

33. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VII

### (Breaches of Warranty by Split Boulder Construction, Inc.)

PEDA repeats and incorporates by reference its responses to Paragraphs 1-33 above.

34. The allegations in this paragraph are directed against another defendant and thus PEDA need not respond. To the extent that a response is required, PEDA denies the allegations.

## COUNT VIII

### (Negligence of PEDA, Inc.)

PEDA repeats and incorporates by reference its responses to Paragraphs 1-34 above.

35. Denied.

## COUNT IX

### (Negligence of PEDA, Inc.)

PEDA repeats and incorporates by reference its responses to Paragraphs 1-35 above.

36. Denied.

WHEREFORE, PEDA, Inc. demands judgment enter in its favor as to each count directed against it, that it be awarded its attorneys' fees and costs for having to respond to this action and that it be awarded such other relief as the Court deems proper.

### FIRST AFFIRMATIVE DEFENSE

The claims fail to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred by the statute of limitations and / or statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred or the damages must be reduced by the doctrine of contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The clams are barred because the alleged losses were caused by the conduct of others.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims are barred because the alleged losses were caused by the conduct of persons or entities over whom PEDA had no control or responsibility.

**NINTH AFFIRMATIVE DEFENSE**

The claims are barred because the alleged losses were caused by the intervening and/or superceding acts of third persons for whom PEDA was not responsible.

**TENTH AFFIRMATIVE DEFENSE**

The claims are barred because the alleged conduct of PEDA was not the legal or proximate cause of the alleged losses.

**JURY DEMAND**

**PEDA, Inc. Demands Trial by Jury on All Claims so Triable.**

Respectfully Submitted,

PEDA, Inc.
By its Attorneys,

Dated: June 20, 2005

/s/ Warren D. Hutchison
David J. Hatem PC, BBO #225700
Warren D. Hutchison BBO # 246150
Brian C. Newberry BBO # 635498
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 405-4500 – tel.
(617) 406-4501 – fax

**CERTIFICATE OF SERVICE**

      I, Brian C. Newberry, hereby certify that on this 21st day of June 2005, I served the foregoing by first class U.S. mail to:

| | |
|---|---|
| Jeffrey A. Gorlick, Esq.<br>One Longfellow Place<br>Suite 3409<br>Boston, MA  02114 | Gerald F. Lucey, Esq.<br>Nelson, Kinder, Mosseau & Saturley, P.C.<br>5th Floor<br>45 Milk Street<br>Boston, MA  02109 |
| Jon S. Hartmere, Esq.<br>Law Office of Jacqueline Allen<br>Suite 601<br>262 Washington Street<br>Boston, MA  02108 | Terrance J. Hamilton, Esq.<br>Christopher P. Maffucci, Esq.<br>Casner & Edwards, LLP<br>303 Congress Street<br>Boston, MA  02210 |
| Matthew A. Connelly, Esq.<br>US Department of Justice<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Washington, DC  20044 | Barbara Healy Smith, Esq.<br>United States Attorney's Office<br>1 Courthouse Way<br>Suite 9200<br>Boston, MA  02210 |
| John Bruno, Esq.<br>Masi & Bruno<br>124 Long Pond Road<br>Plymouth, MA  02360 | Kathryn E. Hand, Esq.<br>Michael E. Mone, Sr., Esq.<br>Esdaile, Barrett & Esdaile<br>75 Fedeal Street<br>Boston, MA  02110 |

                      s/ Brian C. Newberry

00918937/2500.2021