UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA BABCOCK,<br>    Plaintiff | )<br>)<br>) |
| v. | )    C.A. No. 04CV12647EFH<br>)    (consolidated with C.A. No. 04CV11413) |
| UNITED STATES OF AMERICA,<br>ET. ALS.,<br>    Defendants | )<br>)<br>) |
| AND | |
| FREDERICK BABCOCK, ET. ALS.,<br>    Plaintiffs | )<br>)<br>) |
| v. | )    C.A. NO. 04CV11413<br>) |
| UNITED STATES OF AMERICA,<br>ET. ALS.,<br>    Defendants | )<br>)<br>) |

AFFIDAVIT OF PLAINTIFF'S COUNSEL IN SUPPORT OF PLAINTIFF'S, SANDRA BABCOCK'S, OPPOSITION TO "UNITED STATES OF AMERICA'S RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION"

I, Jeffrey A. Gorlick, under oath, depose and say as follows:

1. I am an attorney-at-law, duly admitted to practice in the Commonwealth of Massachusetts and in this Court.

2. I represent the plaintiff, Sandra Babcock, in the above-entitled case.

3. Attached hereto are true and complete copies of the following:

    Exhibit "1" – Sandra Babcock's Federal Tort Claims Act, (FTCA), claim presentment Standard Form 95, dated 1/2/04;

    Exhibit "2" – Declaration Kyle A. Guess, attorney with the United States Navy.

4. The denial of claim letter attached as part of Exhibit "2", from Captain Michael E. McGregor of the United States Navy, was the only written denial of claim received by Sandra Babcock in response to her FTCA presentment Form 95, attached hereto as Exhibit "1".

Signed under the penalties of perjury this 24th day of June, 2005.

                     /S/  Jeffrey A. Gorlick
                     Jeffrey A. Gorlick

I hereby certify that a true copy of the above document was served upon the attorney of records for each other party by mail/hand on  6/24/05

  /s/ Jeffrey A. Gorlick

CLAIMANT:   SANDRA BABCOCK
                  14 Westwood Glen Road
                  Westwood, MA  02090
                  Date of Birth:  9/12/47
                  Date of Incident:  1/5/02

PERSONAL REPRESENTATIVE;
                  Jeffrey A. Gorlick, Esquire
                  Law Offices of Jeffrey A. Gorlick
                  One Longfellow Place, Suite 3409
                  Boston, MA  02114
                  (Claimant's Affidavit attached)

Item #1 (continued from Standard Form 95, Front Side)

Naval Legal Service Office, Mid-Atlantic
Attn:  Federal Tort Claims Division
9620 Maryland Avenue, Suite 100
Norfolk, VA  23511-2989

Claims, Investigations & Tort Litigation (Code 15)
1322 Patterson Avenue, Suite 3000
Washington Navy Yard, DC  20374-5066

Fort Devens Legal Office
30 Quebec Street
Devens, MA  01432-4429
Attn:  Mr. Michael Donaghy

Army Claims Service
4411 Llewellyn Ave.
Ft. Meade, MD  20755

66th Airbase Wing/JA
20 Shilling Circle
Hanscom AFB, MA  01731-2125

Item #8 (continued from Standard Form 95, Front Side)

      This is a loss of consortium claim by Sandra Babcock, who, on January 5, 2002, was the

lawfully married wife of Captain Frederick R. Babcock.  Captain Babcock presented a claim,

(Form 95), dated November 15, 2003.

<u>CLAIMANT</u>:    SANDRA BABCOCK                                                                                          Page 2 of 10

           14 Westwood Glen Road
           Westwood, MA  02090
           Date of Birth:  9/12/47
           Date of Incident:  1/5/02

      On January 5, 2002, several Presidential helicopters were scheduled to perform a rehearsal landing at Northeastern University's Parsons Field in Brookline, Massachusetts. Coordinated by members of HMX-1, the rehearsal had been planned in preparation for President George W. Bush's January 8, 2002, arrival in the area.  As part of this landing drill, members of the Brookline Fire Department, including Captain Frederick Babcock, were also present at the field; Captain Babcock and several other firefighters, including John Kelley, Thomas Gregorio and Joseph Canney, were stationed on foot near a dugout building on the field.  At approximately 5:10 p.m., one of the Marine helicopters participating in the drill approached the ground on the field.  As the helicopter neared the ground, its rotor wash blew the dugout from its supports; this debris fell on and seriously injured Babcock, Kelley, Gregorio and Canney.  Captain Babcock's injuries were the result of negligence in the operation of the helicopter; in the preparation for the drill, approach and landing; in the supervision of the helicopter's operation and of the drill, approach and landing; and in the control of the helicopter's operation and of the drill, approach and landing.  Captain Babcock was given preliminary medical treatment at the scene, and was transported by ambulance to Brigham and Women's Hospital in Boston, Massachusetts.  As described in more detail below, at Item 10, Captain Babcock suffered injuries including a right pelvic ramus fracture with anterior column fracture of his acetabulum.

      Captain Babcock has made a number of unsuccessful efforts to obtain more specific information about the services and individuals involved in the helicopter landing drill and those

<u>CLAIMANT</u>:   SANDRA BABCOCK                                                                                     Page 3 of 10

        14 Westwood Glen Road
        Westwood, MA  02090
        Date of Birth:  9/12/47
        Date of Incident:  1/5/02

involved in the incident itself.  Captain Babcock has made the following requests for information concerning this incident.

- June 11, 2002 – Freedom of Information Act (FOIA) request to Federal Aviation Administration, New England Region (FAA) (requesting production of all documents and investigative reports concerning incident, or alternatively, production of all segregable parts of such documents).

- June 11, 2002 – FOA request to United States Secret Service (requesting production of all documents and investigative reports concerning incident, or alternatively, production of all segregable parts of such documents).

- June 11, 2002 – FOIA request to United States Marine Corps (requesting production of all documents and investigative reports concerning incident, or alternatively, production of all segregable parts of such documents).

- June 25, 2002 – FA response to FOIA request, including 1/5/02 Daily Record Of Facility Operation.

- August 9, 2002 – United States Marine Corps Headquarters' (Security Programs and Information Management Branch) response to FOIA request (indicating request forwarded to "cognizant office" within USMC Headquarters for response).

- September 12, 2002 – United States Marine Corps Headquarters (Freedom of Information/Privacy Acts Section) response to FOIA request (indicating (1) that as helicopter involved in incident appears to have belonged to U.S. Army, and not to U.S. Marines, FOIA request was forwarded to Department of the Army, and (2) that as litigation report was prepared in connection with incident, FOIA request was also forwarded to Deputy Assistant Judge Advocate General for Claims, Investigations, and Torts Litigation Division (Code 15)).

- September 30, 2002 – Department of the Army (Freedom of Information and privacy Acts Office) response to FOIA request (stating that preliminary search for responsive documents was unsuccessful, and indicating that FOIA Office needs more information about helicopter involved in incident before further searching will be conducted).

CLAIMANT:   SANDRA BABCOCK                                                                                   Page 4 of 10

        14 Westwood Glen Road
        Westwood, MA  02090
        Date of Birth:  9/12/47
        Date of Incident:  1/5/02

- November 1, 2002 – Department of the Navy (Office of the Judge Advocate General) response to FOIA request (declining to produce copy of <u>Manual of the Judge Advocate General</u> investigative report concerning incident on grounds that report was prepared in anticipation of litigation and is therefore exempt from disclosure under 5 U.S.C. §552(b)(5)).

- November 5, 2002 – Department of the Army (Freedom of Information and Privacy Acts Office) response to FOIA request (indicating that office had received duplicate of Frederick R. Babcock's original 6/11/02 FOIA request to HQ Marine Corps, had assigned original and duplicate different claim numbers, and had closed duplicate claim file).

- December 19, 2002 – Appeal to Department of the Navy (Office of the Judge Advocate General (Code 14)) of 11/1/02 denial of FOIA request.

- January 29, 2003 – Department of the Navy (Office of the Judge Advocate General) denial of 12/19/02 appeal.

    Captain Babcock has obtained copies of the following documents concerning

investigation into the incident:

- Brookline Fire Department Injury Report, 2/10/02

- Brookline Fire Department, Statement, Capt. F. R. Babcock, 2/5/02

- Brookline Fire Department, Statement, Lt. Joseph Bullard, 1/5/02

- Brookline Fire Department, Statement, Deputy Chief John D. Green, 1/14/02

- Brookline Fire Department, Statement, F.F. Richard Langdon, 2/2/02

- Brookline Fire Department, Statement, F.F. William J. McCarthy, 1/25/02

- Brookline Fire Department, Statement, Deputy Chief Robert Manchester, 1/13/02

- Brookline Fire Department, Statement, Capt. Michael J. O'Reilly, 1/13/02

CLAIMANT:   SANDRA BABCOCK                                                                                   Page 5 of 10

       14 Westwood Glen Road
       Westwood, MA  02090
       Date of Birth:  9/12/47
       Date of Incident:  1/5/02

- Brookline Fire Department, Statement, F.F. David A. Randolph, 2/2/02

- Brookline Fire Department, Statement, A/Lt. John J. Rogers, 2/2/02

- Brookline Fire Department, Statement, Lt. John A. Tynan, 1/12/02

- Research, Boeing CH-47D/F Chinook (4 pp.)

- Brookline Police Department, Case #2002-0087

- Brookline Fire Department, Report of Incident #79

- Town of Brookline Board of Assessors map, excerpt

- Photocopies of 23 photos labeled, "Parsons Field January 05, 2002"

- Fax letter, Capt. Michael J. O'Reilly, Brookline Fire Department, to Kim Kimble, White House Staff, 1/5/02

- Letter, Capt. Michael J. O'Reilly, Brookline Fire Department, to Kim Kimble, White House Staff, 1/7/02

- Letter, Capt. Michael J. O'Reilly Brookline Fire Department, to Kim Kimble, White House Staff, 1/7/02

- Fax letter, Capt. Michael J. O'Reilly, Brookline Fire Department, to Christine Groves, Northeastern University, 1/10/02

- Photocopy, Boston Globe, "4 hurt in drill for Bush arrival," 1/6/02

- Photocopy, boston.com, "Firefighters injured in practice run for presidential visit," 1/5/02

- Photocopy, townonline.com/brookline, "Firefighters still recovering from Bush test landing drill," unknown date

CLAIMANT:   SANDRA BABCOCK                                                                              Page 6 of 10

                14 Westwood Glen Road
                Westwood, MA  02090
                Date of Birth:  9/12/47
                Date of Incident:  1/5/02

- Photocopy, Boston Herald, "Four jakes injured as helicopter landings blow down roof," 1/6/02

Item #10 (continued from Standard Form 95, Front Side)

      Captain Babcock was transported by ambulance from Parsons Field incident site to Brigham and Women's Hospital, Boston, Massachusetts.  He was examined manually and radiologically in the Emergency Room; based on the findings of those examinations, Captain Babcock was diagnosed with right pelvic ramus fracture, a right posterior ilium fracture, and an anterior column acetabular fracture.  In addition, Captain Babcock reported experiencing pain and weakness in his right shoulder and upper arm.  From the Emergency Ward, Captain Babcock was admitted to the hospital, where he remained as an inpatient through January 17, 2002.  During his inpatient hospitalization, Captain Babcock was prescribed narcotics to control his pain and, after a day of bedrest, began a physical therapy program, starting with bed-to-chair transfers and assisted walking on an as-tolerated basis.  Captain Babcock was noted to be extremely motivated in therapy.

      On January 17, 2002, Captain Babcock was transferred by ambulance from Brigham and Women's Hospital to Clark House Nursing Center, Westwood, Massachusetts, in order to allow him to continue his rehabilitation program before returning home.  Captain Babcock continued to be prescribed Dilaudid for pain, was instructed to take aspirin daily to prevent the development of blood clots, and at the time of his transfer, was able to walk short distances using a walker.

CLAIMANT:   SANDRA BABCOCK                                                                                          Page 7 of 10

        14 Westwood Glen Road
        Westwood, MA  02090
        Date of Birth:  9/12/47
        Date of Incident:  1/5/02

By the time of transfer, Captain Babcock's right shoulder and arm symptoms had resolved. Captain Babcock remained at Clark House for the next two weeks before being discharged to home on February 1, 2002.  During his Clark House admission, Captain Babcock worked consistently and with excellent effort on a physical therapy program, managing to transition from a walker to crutches by the time of his discharge.

      After discharge from Clark House, Captain Babcock received in-home nursing and physical therapy services from the VNA Care Network, Inc., Worcester, Massachusetts, several times weekly through March 8, 2002; VNA Care Network, Inc., also provided occupational therapy services to Captain Babcock through early March.  In the course of physical and occupational therapy, Captain Babcock consistently complained of pain in the areas of his fractures.

      On the advice of his doctor, Mark Vrahas, M.D., at Brigham and Women's Hospital in Boston, Massachusetts, Captain Babcock continued with physical therapy after discontinuing his VNA services.  Beginning on March 11, 2002, Captain Babcock participated in physical therapy at ProSports Therapy, Inc., Waltham, Massachusetts; his physicians have prescribed continued therapy, interrupted for only one 2½ week period following a hernia repair surgery in December, 2002, from March, 2002, to the present.  During this time, Captain Babcock has attended therapy three times weekly, working on strengthening and limbering his right hip and on regaining his ability to walk without assistance; he has progressed from using a walker to a cane, and is now able to manage most walking without assistance.  Captain Babcock's therapeutic regimen

CLAIMANT:   SANDRA BABCOCK                                                                    Page 8 of 10

        14 Westwood Glen Road
        Westwood, MA  02090
        Date of Birth:  9/12/47
        Date of Incident:  1/5/02

includes land and aquatic exercises.  Despite his enthusiastic and motivated participation in his treatment, Captain Babcock continues to experience pain and discomfort in his hip and right leg as a consequence of his injuries.  As a result of his strenuous therapy routine, Captain Babcock suffered a recurrence of his umbilical hernia, which required a second surgical repair on September 24, 2003.

     Captain Babcock returned to Dr. Vrahas on October 23, 2003.  Dr. Vrahas noted that Captain Babcock continued to experience pain secondary to pelvic pressure, and that the pressure and pain were consistent with his accident-related injury.  Dr. Vrahas noted that Captain Babcock had had some regression in his recovery as a result of his inability to participate in therapy while recuperating from hernia surgery, but felt that with continued therapy, Captain Babcock could improve to his pre-hernia baseline.  Dr. Vrahas prescribed an additional three months of therapy, but felt that at the end of that time, Captain Babcock would be at his maximum medical improvement.  Dr. Vrahas stated unequivocally that in his opinion, Captain Babcock will not be able to return to his position as a firefighter.

     The Claimant, Sandra Babcock, suffered a loss of consortium as a result of the serious injuries her husband sustained in this accident.  Such loss of consortium damages included loss of care, comfort, companionship, affection and sexual relations.

     Copies of Captain Babcock's treatment was previously submitted by him in his claim.

     As a result of the injuries Captain Babcock suffered on January 5, 2002, he accrued the following medical bills:

CLAIMANT:   SANDRA BABCOCK                                          Page 9 of 10

        14 Westwood Glen Road
        Westwood, MA  02090
        Date of Birth:  9/12/47
        Date of Incident:  1/5/02

| Provider | Date | Amount |
|---|---|---|
| VNA Care Network | 2/2/02-3/5/02 | $ 646.76 |
| ProSports Therapy | 3/11/02-9/4/03 | $18,685.00 |
| Clark House | 1/17/02-1/31/02 | $ 5,972.55 |
| Brigham and Women's Hospital | 9/23/03 | $ 304.00 |
| | 9/24/03 | $ 8,222.82 |
| | 9/19/03 | $ 119.00 |
| | 4/24/03 | $ 130.00 |
| | 9/19/02 | $ 194.00 |
| | 1/13/03 | $ 130.00 |
| | 12/20/02 | $ 4,785.25 |
| | 12/13/02 | $ 297.00 |
| | 6/27/02 | $ 97.00 |
| | 3/7/02 | $ 119.00 |
| | 1/5/02-1/17/02 | $27,959.72 |
| Mark S. Vrahas, M.D. | 4/25/02 | $ 95.00 |
| | 3/7/02 | $ 130.00 |
| | 6/27/02 | $ 130.00 |
| | 9/19/02 | $ 95.00 |
| | 1/13/02 | $ 130.00 |
| | 4/24/02 | $ 130.00 |
| Brigham and Women's Physician's Assoc. (Radiology) | 1/5/02 | $ 37.00 |
| | 1/5/02 | $ 27.00 |
| | 1/5/02 | $ 183.00 |
| | 1/5/02 | $ 322.00 |
| | 1/8/02 | $ 30.00 |
| | 1/11/02 | $ 37.00 |
| | 3/7/02 | $ 37.00 |
| | 6/27/02 | $ 27.00 |
| AMR of Massachusetts | 1/17/02 | $ 545.50 |
| Healthwise (Medical Equipment) | 1/28/02 | $ 132.22 |

<u>CLAIMANT</u>:  SANDRA BABCOCK                                                                Page 10 of 10

        14 Westwood Glen Road
        Westwood, MA  02090
        Date of Birth:  9/12/47
        Date of Incident:  1/5/02

<u>Item #11 (continued from Standard Form 95, Front Side)</u>

      The Claimant is aware of the following individuals who may have witnessed the incidents giving rise to her claim:

    Sandra Babcock
    14 Westwood Glen Road
    Westwood, MA  02090

    Frederick R. Babcock
    16 Cobleigh Street
    Westwood, MA  02090

    Christina McCracken
    14 Westwood Glen Road
    Westwood, MA  02090

    Beverly Salah
    33 Standish Drive
    Canton, MA  02021

      For individuals who may have witnessed the incident that gave rise to Captain Babcock's personal injuries, which in turn gave rise to Sandra Babcock's instant claim for loss of consortium, see the witnesses listed by Captain Babcock at pages 10 and 11 of his Standard Form 95 claim presentment, dated November 15, 2003.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency: Please refer to attached pages at item #1. | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Claimant: Sandra Babcock, 14 Westwood Glen Road, Westwood, MA 02090 Personal Representative: See attached | |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| CIVILIAN | 9/12/47 | Divorced | 1/5/02, Saturday | Approx 5:10 p.m. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Please refer to attached pages at item #8.

This claim derives and arises from a previous claim presentment of Frederick R. Babcock, dated 11/15/03, and the content and attachments of his pending Standard Form 95 is incorporated by reference herein.

9. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

Not applicable.

10. PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Please refer to attached pages at item #10.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Please refer to attached pages at item #11. | Please refer to attached pages at item #11. |

12. (See instructions on reverse)    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Not applicable. | $250,000.00 | Not applicable. | $250,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Attorney/Pers. Rep. | 13b. Phone number of signatory (617) 227-8383 | 14. DATE OF CLAIM 1/2/04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108    NSN 7540-00-634-4046    STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable    PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?    Yes, if yes give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.    No

No.

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

No.

17. If deductible, state amount

Not applicable.

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

Not applicable.

19. Do you carry public liability and property damage insurance?    Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)    No

No.

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA BABCOCK | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 04-12647 ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendants. | ) |

The undersigned declares and states:

1. I am the attorney with the United States Navy (the "Agency") who had primary responsibility for processing plaintiff's administrative claim. As such, I am fully familiar with the administrative proceedings that preceded this action.

2. This declaration is respectfully submitted in support of defendant's Motion to Dismiss. The information contained herein is based upon my personal knowledge, information communicated to me by other United States Navy personnel, and the records and files of the United States Navy.

3. The United States Navy received Plaintiff's properly completed Standard Form 95 on January 5, 2004. By letter dated March 24, 2004, the Navy denied the Plaintiff's administrative claim. A true and correct copy of the letter is attached as Exhibit 1. The denial letter informed Plaintiff of his right to file suit in the appropriate United States District Court within six months of the mailing date.

1

4.  The Navy's denial letter was placed in the United States mail on April 1, 2004, addressed to Jeffrey Gorlick, Esq., One LongFellow Place, Suite 3409, Boston, MA 02114. The letter was sent by certified mail, No. 7000 1010 0003 0716 7901. A true and correct copy of the Certified Mail Receipt ("white card") is attached as Exhibit 2.

5.  The Naval Legal Service Office Mid-Atlantic received the Domestic Return Receipt ("green card") for certified mail No. 7000 1010 0003 0716 7901, indicating receipt of the Navy's denial letter at the offices of Jeffrey Gorlick, Esq. on April 3, 2004. A true and correct copy of the Domestic Return Receipt is attached as Exhibit 2.

6.  A Complaint was filed in United States District Court, District of Massachusetts, on December 17, 2004 (Civil Action 04-12647).

I declare under penalty of perjury that the foregoing is true and correct. Executed in Norfolk, Virginia on March 31, 2005.

_____
KYLE A. GUESS



DEPARTMENT OF THE NAVY
NAVAL LEGAL SERVICE OFFICE
MID-ATLANTIC
9620 MARYLAND AVENUE, SUITE 100
NORFOLK, VIRGINIA 23511-2989

EX. "2"

5890
Ser 03/ 089
MAR 24 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Jeffrey Gorlick, Esq.
One Longfellow Place, Suite 3409
Boston, MA 02114

Dear Mr. Gorlick:

SUBJ: FEDERAL TORT CLAIMS ARISING ON JANUARY 5, 2002 AT NORTHEASTRN UNIVERSITY, 02-FTA-558

This responds to the claim of your client, Sandra Babcock, in the amount of two hundred fifty thousand dollars ($ 250,000). Ms. Babcock is seeking damages for loss of consortium for personal injuries sustained to her former spouse, Frederick Babcock, at the athletic field complex at Northeastern University on January 5, 2002. Mr. Babcock was injured when a dugout, owned and maintained by Northeastern University, overturned and trapped him underneath.

It is our understanding your client filed claims against other Federal agencies, including the Department of the Army, the Department of the Air Force, and the United States Secret Service. Pursuant to 28 C.F.R. §14.2, when more than one Federal agency is involved in the events giving rise to the claim, they will designate a single agency to investigate and decide the merits of the claim. The United States Navy was designated as that agency and, as such, is responsible for the final administrative determination of the claim.

A thorough examination of the facts available indicates the United States is not liable under the Federal Tort Claims Act ("FTCA"). The FTCA allows individuals to seek compensation from the United States when damage is caused by negligent or wrongful acts or omissions of government employees acting within the scope of their employment. Our investigation and analysis of this claim finds that there is no negligence on the part of any government employee. Accordingly, your client's claim is denied.

If your client does not agree with this decision, be advised that she has six months from the date of mailing of this letter to file suit in the appropriate Federal District Court. My

EXHIBIT 1

Ex. "2"

point of contact for this claim is Kyle Guess, Tort Claims Attorney. If you have any questions, he may be reached at (757) 444-5341.

Sincerely,

*MBMCJ.*

MICHAEL E. MCGREGOR
Captain, United States Navy
Judge Advocate General's Corps
Commanding Officer

cc:

Army Claims Service
4411 Llewllyn Ave.
Ft. Meade, MD 20755

66th Airbase Wing/JA
20 Shilling Circle
Hanscom AFB, MA 01731-2125

Office of Chief Counsel
U.S. Secret Service
950 H Street, N.W.
Washington, D.C. 20223

CERTIFIED COPY OF AN ORIGINAL:
COUNTY/CITY OF NORFOLK
COMMONWEALTH OF VIRGINIA
  I CERTIFY THIS TO BE A COMPLETE,
FULL, TRUE AND EXACT REPRODUCTION
OF THE ORIGINAL DOCUMENT.
  CERTIFIED THIS  31ST  DAY OF
MARCH  2005.

*Terrell B Beaufor*

MY COMMISSION EXPIRES: September 30, 2008

2

EX. "2"

7003 1010 0003 0716 7901

**U.S. Postal Service CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

Sent To: JEFFREY GORLICK ESQ
Street, Apt No.; or PO Box No.: ONE LONGFELLOW PLACE STE 3409
City, State, ZIP+4: BOSTON MA 02114
KAG/021:TA558(NORTHEASTERN)

APR 01 2004

CERTIFIED COPY OF AN ORIGINAL:
COUNTY/CITY OF NORFOLK
COMMONWEALTH OF VIRGINIA
I CERTIFY THIS TO BE A COMPLETE,
FULL, TRUE AND EXACT REPRODUCTION
OF THE ORIGINAL DOCUMENT.
CERTIFIED THIS 31ST DAY OF MARCH 2005.

_[signature]_

MY COMMISSION EXPIRES: September 30, 2008

EXHIBIT 2

Ex "2"

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JEFFREY GORLICK ESQ
ONE LONGFELLOW PLACE STE 3409
BOSTON MA 02114

KAG/02FTASS8(NORTHEASTERN)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X PRESUME ☐ Agent ☐ Addressee

B. Received by ( Printed Name )
PRESUME

C. Date of Delivery
4-3

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7003 1010 0003 0716 7901

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

CERTIFIED COPY OF AN ORIGINAL:
COUNTY/CITY OF NORFOLK
COMMONWEALTH OF VIRGINIA
I CERTIFY THIS TO BE A COMPLETE,
FULL, TRUE AND EXACT REPRODUCTION
OF THE ORIGINAL DOCUMENT.
CERTIFIED THIS 31ST DAY OF MARCH
2005.

_Terrell L. Bawfur_

MY COMMISSION EXPIRES: September 30, 2008

EXHIBIT 3