UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDRA BABCOCK,                          )
    Plaintiff                         )
                                      )
v.                                       )     C.A. No. 04CV12647EFH
                                      )     (consolidated with C.A. No. 04CV11413)
UNITED STATES OF AMERICA,                )
ET. ALS.,                                )
    Defendants                        )

AND

FREDERICK BABCOCK, ET. ALS.,             )
    Plaintiffs                        )
                                      )
v.                                       )     C.A. NO. 04CV11413
                                      )
UNITED STATES OF AMERICA,                )
ET. ALS.,                                )
    Defendants                        )


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S,
SANDRA BABCOCK'S, OPPOSITION TO
"UNITED STATES OF AMERICA'S RENEWED MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION"


FACTS

    The plaintiff, Sandra Babcock, (Ms. Babcock), timely and properly presented a loss of

consortium claim under the Federal Tort Claims Act (FTCA), in a FTCA claim presentment

Standard Form 95, dated January 2, 2004. (Ex. "1" and see also Declaration of Attorney Kyle A.

Guess, paragraph 3, therein, which is Ex. "2" herein). The FTCA claim, in part 8. of the Form

95, specifically indicated that the basis of Ms. Babcock's claim "derives and arises from a

previous claim presentment of Frederick R. Babcock, dated 11/15/03, and the content and

attachments of his pending Standard Form 95 is incorporated by reference herein". (Ex. "1").

By letter dated March 24, 2004, the Department of the Navy denied Ms. Babcock's claim. The Navy's denial was mailed to counsel for Ms. Babcock on April 1, 2004. (Ex. 2, paragraph 3) and the letter from the Navy and certified mail receipts attached thereto.

On June 22, 2004, the plaintiff, Frederick Babcock and others commenced suit in this Court, C.A. No. 04CV11413EFH. On December 17, 2004, the plaintiff, Ms. Babcock, filed her original Complaint in this Court, C.A. No. 04CV12647EFH. Count I of Ms. Babcock's Complaint was a FTCA claim against the United States of America and Count II was a FTCA claim against the Navy.

On April 20, 2005, the cases of <u>Frederick Babcock, et. als. v. Untied States of America, et. als.</u>, C.A. No. 04CV11413 EFH and <u>Sandra Babcock v. United States of America, et. als.</u>, C.A. No. 04CV12647EFH were consolidated.

On May 16, 2005, this Court allowed the plaintiff's, Ms. Babcock's, Motion to file an Amended Complaint, and her Amended Complaint was entered as to the consolidated cases.

The instant Motion To Dismiss of the United States of America seeks dismissal of Counts I and II of Ms. Babcock's Amended Complaint.

<u>ARGUMENT</u>

I.    Pursuant To Fed. R. Civ. P. 15(c), Ms. Babcock's Amended Complaint Should Relate Back To The Filing Of The Original Complaint In The Consolidated Frederick Babcock, et. als. Action, Thus, This Court Has Subject Matter Jurisdiction Because That Filing Was Prior To October 1, 2004.

Fed. R. Civ. P. 15(c) provides, in pertinent part, as follows:

      (c)    Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

           (1)    relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2)     the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Because Ms. Babcock's loss of consortium claim arose out of the same conduct, transaction, or occurrence set forth in Frederick Babcock's, et. als. original Complaint in the consolidated case, Ms. Babcock's claim should relate back to the date of the filing of the original Complaint, June 22, 2004.

Thus, under the Rule 15(c) relation back provision, this Court has subject matter jurisdiction over Count I of her Amended Complaint, the FTCA claim against the United States of America.

II.     Only The Navy Served A Written Denial Of Claim, Not The United States Of America, Thus, The Plaintiff's, Ms. Babcock's, Filing Of Her Original Complaint On December 17, 2004, Was Timely As To Count I Against The United States.

The defendant, United States of America, says, at page 3 of its Memorandum of Law, that this Court lacks jurisdiction of Ms. Babcock's claim against the Navy (Count II of her Amended Complaint), because "Courts lack subject matter jurisdiction over suits brought against federal agencies for acts covered by the FTCA".  Assuming that is a correct assertion, it follows that the written denial of Ms. Babcock's claim by the Navy may not be considered a written denial of her claim against the United States of America, (Count I of her Amended Complaint.) Hence, because the United States of America did not issue a written denial of her claim, Ms. Babcock had until January 5, 2005, to file her FTCA claim against the United States of America. Her filing of her original Complaint on December 17, 2004, was timely as to Count I against the United States of America.

CONCLUSION

For either one or both of the reasons set forth in the Argument, above, the plaintiff, Ms.

Babcock, submits that the Motion of the United States of America to dismiss her Amended

Complaint should be denied.

PLAINTIFF, SANDRA BABCOCK

By her Attorney,


_____/S/_____Jeffrey A. Gorlick_____
Jeffrey A. Gorlick
One Longfellow Place, Suite 3409
Boston, Massachusetts  02114
TEL#:  (617) 227-8383
BBO#:  203890

I hereby certify that a true copy of the
above document was served upon the
attorney of records for each other
party by mail/hand on ____6/24/05__

_____/s/ Jeffrey A. Gorlick___

4